```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Jennifer L. Waters

    v.                                        Civil No. 13-cv-45-JL
                                                        Opinion No. 2014 DNH 050

Carolyn Colvin, Acting Commissioner,
Social Security Administration


**ORDER ON APPEAL**

Jennifer Waters appeals the Social Security Administration's ("SSA") denial of her applications for a period of disability, disability insurance benefits, and Supplemental Security Income. An administrative law judge at the SSA ("ALJ") ruled that, despite Waters' bipolar disorder, she retains the residual functional capacity ("RFC") to perform her past relevant work as a housekeeper and laundry worker, and is therefore not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Waters' request for review of the ALJ's decision, see id. §§ 404.967, 416.1467, with the result that the ALJ's decision became the SSA's final decision on Waters' applications, see id. §§ 404.981, 416.1481. Waters then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Waters has filed a motion to reverse the decision, see L.R. 9.1(b)(1), arguing, among other things, that the ALJ erred in concluding that Waters' statements concerning the intensity,

persistence, and limiting effects of her symptoms were not credible, and in failing to make any findings concerning the physical and mental demands of Waters' past relevant work. The Commissioner of the SSA maintains that the ALJ's decision is unassailable, and has cross-moved for an order affirming it. See L.R. 9.1(d). After careful consideration, the court agrees with Waters that the ALJ's decision was flawed for both of the reasons that Waters asserts, and thus grants her motion to reverse (and denies the Commissioner's motion to affirm) the ALJ's decision.

## I. Credibility determination

In concluding that Waters retains the RFC to perform a full range of work at all exertional levels, with two nonexertional limitations (i.e., she can only understand, remember, and carry out "short and simple" instructions, and cannot wait on the public), the ALJ considered Waters' subjective reports concerning the symptoms of her impairment. Although the ALJ found that Waters' bipolar disorder could reasonably be expected to cause these symptoms--which included mood swings, impulsivity, periods of rage, anger outbursts, visual and aural hallucinations, and an inability to handle stress and routine changes--he concluded that Waters' "statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible." Admin. R. at 17. While there may well be good reasons for this conclusion,

the court is unable to discern them from the ALJ's written decision, and is thus constrained to reverse the decision.

SSA guidance recognizes that "individuals may experience their symptoms differently and may be limited by their symptoms to a greater or lesser extent than other individuals with the same medical impairments," and that symptoms "sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." Social Security Ruling ("SSR") 96-7p, Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, at *3 (S.S.A. 1996).  In cases where an individual's claim of disability cannot be determined solely on the basis of the objective medical evidence, ALJs must carefully consider "any statements of the individual concerning his or her symptoms," and "then make a finding on the credibility of the individual's statements about symptoms and their functional effects."  Id. at *3-4.

As SSR 96-7p explains:

> The reasons for the finding must be grounded in the evidence and articulated in the determination or decision.  It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are not credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear

3

> to the individual and to any subsequent reviewers the
> weight the adjudicator gave to the individual's
> statements and the reasons for that weight.  This
> documentation is necessary in order to give the
> individual a full and fair review of his or her claim,
> and in order to ensure a well-reasoned determination or
> decision.

Id. at *4.  In other words, "[a]n ALJ is free to disbelieve a claimant's subjective testimony; however, he or she must make specific findings as to the relevant evidence he considered in determining to disbelieve [the claimant]," i.e., by identifying "what testimony is not credible and what evidence undermines the claimant's complaints."  Kalloch v. Astrue, No. 11-cv-522, 2012 WL 4930986, at * (D.N.H. Sept. 18, 2012) (internal quotations and alterations omitted), rept. & rec. adopted, 2012 WL 4930983 (D.N.H. Oct. 15, 2012).

Here, the ALJ's assertion that Waters' statements regarding her symptoms were "not credible" can only be characterized as conclusory.  That assertion is followed by several paragraphs discussing the record evidence, but it is by no means clear to the court that the ALJ meant these paragraphs to function as an explanation of his credibility determination.  To the contrary, those paragraphs appear to be intended to explain the ALJ's assessment of Waters' RFC.  In any event, the ALJ's decision is not "sufficiently specific to make clear to" this court which of Waters' specific complaints the ALJ found not credible, nor the

specific evidence the ALJ considered in coming to that conclusion. It therefore fails to comply with SSR 96-7p.

Beyond that, the ALJ's decision says very little about the factors articulated in 20 C.F.R. §§ 404.1529(c) and 416.929(c), which an ALJ "must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements."[1] SSR 96-7p, 1996 WL 374186 at *3. "Detailed written discussion" of those factors "is desirable" in order to enable a

---

[1]Those factors are:
1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ's written decision mentions some of Waters' activities of daily living and some of the medication she has taken, but is otherwise devoid of any discussion of these factors--including, significantly, the "duration, frequency, and intensity" of Waters' claimed symptoms and the "[f]actors that precipitate and aggravate" them.

reviewing court to evaluate the basis for the ALJ's credibility determination. Lalime v. Astrue, 2009 DNH 053, at 23-24 (citing Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987)). It is not strictly necessary; "an ALJ need not slavishly discuss each of the factors, and may satisfy her obligation to consider the factors simply by exploring them at the administrative hearing." Morris v. Colvin, No. 12-cv-280-JL, 2013 WL 2455975, at *2 n.1 (D.N.H. June 6, 2013) (internal quotations and citations omitted). Here, however, the transcript of the administrative hearing is nearly as devoid of discussion regarding these factors as the ALJ's decision itself.

In short, the ALJ's decision "simply does not explain, in any way," the reasons for his credibility determination, and thus must be reversed because the court cannot determine whether that determination is supported by substantial evidence.[2] Weaver v.

---

[2]The court acknowledges that Waters advanced a slightly different argument regarding the sufficiency of the ALJ's credibility determination. Rather than arguing that the ALJ had not explained his findings in accordance with SSR 96-7p, Waters argued that the ALJ had "ignored pertinent evidence bearing on [her] credibility." Memo. in Supp. of Mot. to Reverse (document no. 8-1) at 13. The Commissioner might understandably protest that, in light of this fact, Waters has waived any argument that the ALJ's explanation of his findings was not up to snuff. The ALJ's insufficient explanation, however, makes it impossible for the court to analyze the argument that Waters actually did make, so her failure to seize upon the insufficiency presents no hurdle to the court considering it here.

As a further aside, the court notes that Waters has also challenged the weight the ALJ assigned to the medical opinion

Astrue, No. 10-cv-340-SM, 2011 WL 2580766, at *9 (D.N.H. May 25, 2011) (emphasis in original), rept. & rec. adopted, 2011 WL 2579776 (D.N.H. June 27, 2011). On remand, the ALJ should thoroughly explain the bases for any finding he makes regarding Waters' credibility, as required by SSR 96-7p and §§ 404.1529(c) and 416.929(c).

## II. Past relevant work

As mentioned at the outset, the ALJ also concluded that Waters is able to perform her past relevant work as a housekeeper and laundry worker. The written decision explained that the ALJ had compared Waters' RFC "with the physical and mental demands" of that work, and found that Waters "is able to perform it as actually and generally performed." Admin. R. at 19. The decision did not, however, explain what "the physical and mental demands"

---

evidence in the record. Among other things, Waters argues that the ALJ erred in assigning "little weight" to the opinion of a state examiner that Waters experienced repeated functional loss in the area of work-related stress. The ALJ's decision in this regard was influenced by the fact that the examiner's opinion was "based on [Waters'] subjective statements"--which, of course, the ALJ did not find credible. Admin. R. at 18. Because the case is being remanded to the ALJ to re-evaluate Waters' credibility, the ALJ's assessment may change, and the court need not address this argument at this time. (Similarly, to the extent that Waters believes the ALJ did not adequately develop the record during his questioning of her at the administrative hearing, that is also a matter that is best addressed on remand, rather than in this court.)

of Water's previous jobs were.  Again, this hinders review of the ALJ's finding and warrants remand.

SSA guidance mandates that "[t]he rationale for a disability decision must be written so that a clear picture of the case can be obtained," and "must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."  SSR 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, at *4 (S.S.A. 1982).  This means, among other things, that when the ALJ finds that a claimant has the RFC to perform a past relevant job, the ALJ's "determination or decision must contain among the findings" a specific finding of fact "as to the physical and mental demands of the past job/occupation."  Id. (emphasis added).  As noted, the ALJ failed to make any such finding here.  The Commissioner does not dispute this, but argues that the decision is nonetheless sound because the record contained information regarding the demands of Waters' housekeeping and laundry jobs, in the form of (1) Waters' description of those jobs in her Work History Report, and (2) a cursory, 1-page "vocational assessment" that identifies a Waters' jobs as corresponding to a listing in the Dictionary of Occupational Titles ("DOT").

The presence of that evidence in the record does not remedy the ALJ's omission.  It is true that, in some cases, an ALJ's failure to make specific findings regarding the physical and

8

mental demands of the claimant's past relevant work may be harmless, i.e., where it is clear that the ALJ relied upon "the claimant's own description of the job demands in her Work History Report and at the hearing," Ormond v. Colvin, 2013 DNH 146, 14, or upon the DOT's description of the job demands, see Sullivan v. Halter, 2001 DNH 221, 16-17. Yet it is by no means clear that the ALJ relied upon either of these sources in rendering his decision in this case (or that he reasonably could have). The description of the mental demands of Waters' past work provided in her Work History Report is at best superficial, and was not meaningfully developed by her hearing testimony.[3] And, as the Commissioner herself notes, the written decision did not cite the DOT or any other vocational evidence, either in its discussion of Waters' past relevant work or anywhere else. This court cannot "assume or infer" that the ALJ relied upon the DOT listings; "[m]oreover, even if the court could assume that the ALJ made his determination by reference to the DOT, there is no way of knowing whether he relied on the listing that [the Commissioner], or even this court,

---

[3] While the court has declined to address Waters' argument that the ALJ erred in failing to develop the record, see n.2, supra, it observes that, in light of the superficiality of the Work History Report and Waters' pro se status at the time of the administrative hearing, the ALJ probably should have thoroughly examined Waters regarding the demands of her previous jobs at the hearing. Cf. Berthiaume, 1999 WL 814267 at *5 (where claimant's application for benefits provided only vague information regarding her past jobs, ALJ's "duty to further develop the record" was triggered).

9

might think most closely describes claimant's past relevant work." Berthiaume v. Apfel, No. 98-cv-419, 1999 WL 814267, at *6 (D.N.H. Sept. 30, 1999).  In these circumstances, the ALJ's failure to make any finding as to the physical and mental demands of Waters' past relevant work makes it "impossible to conclude that substantial evidence supported the finding that [Waters] had the RFC to return to [her] past work," and requires remand.  Stephens v. Barnhart, 50 Fed. Appx. 7, 9 (1st Cir. 2002).

III. Conclusion

For the foregoing reasons, Waters' motion to reverse the ALJ's decision[4] is GRANTED, and the Commissioner's motion to affirm it[5] is DENIED.  See 42 U.S.C. § 405(g).  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 7, 2014

cc:  Raymond J. Kelly, Esq.
     Robert J. Rabuck, Esq.
     T. David Plourde, Esq.

---

[4]Document no. 8.

[5]Document no. 13.

10